## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| Office of the General Counsel | ) | |
| 245 Murray Lane SW | ) | |
| Mailstop 0485 | ) | |
| Washington, DC 20528, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant United States Department of Homeland Security is an agency of the United States Government and is headquartered at 245 Murry Lane SW, Mailstop 0485, Washington, D.C.  20528.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On August 5, 2015, Plaintiff submitted a FOIA request to the Transportation Security Administration, a component of Defendant, seeking access to:

> Any and all travel vouchers and/or travel cost records for former Deputy Administration John W. Halinski [*sic*].
>
> The time frame for this request runs from July 1, 2012 to July 12, 2014.

6.      By facsimile dated August 6, 2015, Defendant acknowledged receipt of the request and notified Plaintiff that the request had been assigned Case Number 2015-TSFO-00320.

7.      Defendant's acknowledgment letter indicated that no additional clarification and/or documentation were needed from Plaintiff to process the request.  Plaintiff has received no further communication from Defendant concerning the status of the request.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the

right to appeal any adverse determination.  Accordingly, Defendant's determination was due by August 26, 2015.

9.      As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10.      Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.      Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests that are not lawfully exempt from production.

13.      Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records

responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  December 1, 2015                    Respectfully submitted,

                                            */s/ Lauren M. Burke*
                                            Lauren M. Burke
                                            D.C. Bar No. 1028811
                                            JUDICIAL WATCH, INC.
                                            425 Third Street SW, Suite 800
                                            Washington, DC 20024
                                            (202) 646-5172

                                            *Counsel for Plaintiff*